# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DERRICK REAVES,** | : | Case No.  C1-02-100 |
| Petitioner, | : | |
| | : | Judge Weber |
| **v.** | : | Magistrate Judge Hogan |
| | : | |
| **HARRY K. RUSSELL, WARDEN,** | : | |
| Respondent. | : | |

### RESPONDENT'S OBJECTIONS TO
### MAGISTRATE'S REPORT AND RECOMMENDATION

Respondent submits the following Objections to the Magistrate's April 8, 2004, *sua sponte* Report and Recommendation (Doc. #13) to vacate the Court's prior Order dismissing Grounds One, Two and Three as barred by the AEDPA one year statute of limitations of 28 U.S.C. §2244(d) (Doc. #8).  Respondent does not object to the Magistrate's Recommendation that instant habeas Ground Four should be dismissed.

The Magistrate *sua sponte* concluded that the Court's prior order dismissing Grounds One though Three as time-barred should be revisited under the current evolution of habeas statute of limitations law.  While Respondent does not dispute the "shifting sand changes that have been occurring in the continually evolving habeas statute of limitations area. . ."  (Doc. #13, Report and Recommendation, p.11), Respondent nevertheless asserts that reconsideration of the Court's prior Order is unnecessary.  To do so would result in an impermissible amendment to a timely petition with new and untimely claims.

In his April 8, 2004, Report and Recommendation denying Reaves' Fourth habeas Ground, the Magistrate demonstrated an excellent understanding of the evolving habeas

corpus jurisprudence in just the past few months (including the recently decided *Lopez v. Wilson*, 355 F.3d 931 (6th Cir. 2004)), and further, engaged in both a thoughtful and thorough analysis.  Indeed, in the subsequent history of a case cited by the Magistrate, *Eads v. Morgan*, 298 F.Supp.2d 698 (N.D. Ohio, 2003), the Court's northern sister district recently succeeded in certifying to the Ohio Supreme Court questions at the heart of both *Lopez* and *White v. Schotten*, 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000) regarding the nature of Ohio's App. R. 26(B) proceeding.  *See, Morgan v. Eads*, Case No. 04-141.  Respondent does not object to the Magistrate's well-reasoned analysis recommending the dismissal of Ground Four.

The Magistrate also acknowledged another recently turbulent area of habeas case law in the Sixth Circuit.  In *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003)(en banc), petition for *cert.* filed, 72 U.S.L.W. 3506 (U.S. Jan. 20, 2004)(No. 03-1079), the Sixth Circuit overruled its prior analysis in *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000) *cert. denied* 531 U.S. 1201 (2001), and, in a remarkable departure from every other circuit court in the county, held that a habeas petitioner is entitled to an unlimited 90 day tolling for any subsequent litigation following the conclusion of state post-conviction proceedings.[1]  The event triggering the Magistrate's *sua sponte* Recommendation is this additional *Abela* ninety days following Reaves' successful motion for delayed appeal in the Ohio Supreme Court.  The Magistrate correctly notes that if *Abela* stands as it does today, then Reaves' first habeas petition would have been timely filed.[2]

---

[1] The United States Supreme Court recently requested that Respondent *Abela* file a response by April 22, 2004, to the state of Michigan's petition for *certiorari* in *Caruso v. Abela,* Case No. 03-1079.

[2] Respondent does not intend to waive his statute of limitations defense by conceding that Reaves' first habeas petition is timely if the Supreme Court does not overturn *Abela*.  To the contrary, it is Respondent's position that *Abela* is incorrect, and will be reversed on *certiorari*.

The Magistrate further questions whether Reaves' <u>first</u> habeas petition, signed June 27, 2000, can serve to toll the limitations period under the current Sixth Circuit precedent of *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002) and its progeny, *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002) and *Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002). If so, the Magistrate reluctantly recommends that the Court should vacate its prior Order dismissing the first three Grounds as time-barred.

Assuming only for the sake of this argument that Reaves' <u>first</u> petition was timely, Respondent urges the Court to view Reaves' actions for what they are—an untimely and impermissible amendment to an otherwise timely petition. Even though Reaves' first petition may have been timely, he abandoned *every claim* he presented in his first petition upon his return to federal habeas. The only claims he now presents are claims related to his 26(B) action. <u>None</u> of these claims were presented to the Court in a timely filed petition. Indeed, the Magistrate acknowledges that the first time Reaves mentioned these claims was in his September 25, 2000, motion to stay or to dismiss his first petition without prejudice to permit him to exhaust. (Doc. #13, Report and Recommendation at p. 2, n.2, p.15). Likewise, the Magistrate correctly notes that "petitioner did not bring to the Court's attention the fact that he wished to pursue relief on the additional ineffective assistance of counsel claims, which he had never raised before, until September 25, 2000, *after* the statute of limitations had expired 20 days earlier." (Doc. #13, Report and Recommendation, p.15).

Where Respondent departs from the Magistrate's analysis is the effect of first notifying the Court (or anyone) of these new claims after the limitations period had already expired. As discussed below, these "new" claims cannot "relate back" to the

timely filed first petition, as they must for the Magistrate's reasoning to stand. Thus, even were the Court to treat Reaves' first petition as timely and to then effectively hold the case in abeyance pending the exhaustion of his 26(B) actions under *Palmer* and its progeny, Reaves abandoned his timely claims to pursue only untimely claims in his amended petition.

Rule 15(c) of the Federal Rules of Civil Procedure allows a party to amend a pleading. However, the AEDPA presents a special situation. *United States v. Duffus*, 174 F.3d 333 (3rd Cir. 1999). Pursuant to Rule 15(c), an untimely amendment to a §2255 petition which, by way of additional facts, clarifies or amplifies a claim or theory in the original petition may relate back to the date of the original petition if and only if the original petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000). The Tenth Circuit later extended that rationale to habeas petitions filed pursuant to §2254. Petitioner's amended petition added claims of ineffective assistance and juror misconduct. Those claims were "new" claims which did not relate back to the date of the original habeas petition and were properly dismissed by the district court as untimely. *Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001).

The federal courts addressing the issue agree that "[a] prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period." *Duffus*, 174 F.3d. at 338. The court may allow an amendment to clarify a claim initially made, but to allow new claims to be filed after the statute of limitations has expired would frustrate the intent of Congress and would be contrary to the policy of the AEDPA. *Id.* at 337-8. *Also see United States v.*

*Craycraft,* 167 F.3d 451 (8th Cir. 1999); *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000); *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000); *United States v. Hicks,* 283 F.3d 380 (D. C. 2002).

In *Pruitt v. United States*, 274 F.3d 1315 (11th Cir. 2001), Petitioner filed a timely habeas petition challenging his sentence. Two years later, he tried to amend his petition by adding claims of ineffective assistance of counsel and prosecutorial conduct. The new claims were held to be untimely. The court held that in order for an untimely claim to "relate back" to the original date of filing, the new claim must have arisen from the same underlying facts as the original claim. It is not enough that the new claim arose out of the same trial and sentencing proceedings. Rule 15(a) allows amendments to correct technical deficiencies or expand facts alleged in the original pleading, but does not permit an entirely different transaction to be alleged by amendment. The same analysis applies whether a district court denies leave to amend because the claims asserted in the amended petition are untimely or allows the amendment and dismisses the claims as time-barred.

Similarly, in *Dean v. United States*, 278 F.3d 1218 (11th Cir. 2002), while a timely habeas petition was pending, Petitioner filed an untimely-amended petition to add new claims. The court held the new claims were untimely and could not relate back to original filing date unless they arose from or clarify the same facts as the original claims. Congress did not intend Civil Rule 15(c) (which allows amendments) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts. The fact that the new claims arose out of the same trial and sentencing proceeding is not enough. *Id.*

In *Oleson v. United States*, Case No. 00-1938, 27 Fed. Appx. 556,571 2001 U.S. App LEXIS 27018 at *11 (6th Cir. 2001), the Sixth Circuit agreed that once the statute of limitations has expired, allowing amendment of a habeas petition with additional grounds for relief would defeat the purpose of the AEDPA's statute of limitations. Citing the Third Circuit, the panel noted that ". . . Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims – Oleson's amendment raises an entirely new argument. *See generally* Fed. R. Civ. P. 15(c); *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000) ('[A] party cannot amend a §2255 petition to add a completely new claim after the statute of limitations has expired.')."

Though Respondent understands the Magistrate's caution in this case due to the "unique time in which it fell, in the immediate aftermath of *Duncan*" (Doc. #13, Report and Recommendation, p.17), the equities involved in this case do not weigh in favor of permitting tolling during the pendency of Reaves' first habeas petition under *Palmer* and it's progeny. Had Reaves raised his 26(B) claims in his first (timely) petition, he arguably may have been entitled to equitable tolling under the Magistrate's analysis. But he did not. Instead, the first time he put anyone on notice of his current claims was 20 days after his AEDPA time period expired. These claims are entirely new claims that cannot be deemed timely by "relating back" to any of the claims in the first petition.

Moreover, Reaves has failed to return to habeas with any of the claims in his first "timely" petition. Respondent likens the current situation to the Sixth Circuit's pronouncement in *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999), where the court held that the federal limitation period would not be tolled during the pendency of a state collateral action that did not raise a claim presented in the federal habeas petition. Why,

then, should the limitations period be equitably tolled during the pendency of a federal habeas petition that does not raise a single claim presented in the later and untimely petition?  Respondent submits it should not.  If such tolling is permitted, the Court will effectively be permitting Reaves to amend an otherwise timely petition with untimely "new" claims.  Because Reaves chose to abandon his only "timely" claims, he is left with no timely habeas claims for the Court to adjudicate.  While Respondent understands the Magistrate's struggle, certainly the instant scenario does not raise the same issues the Sixth Circuit was concerned about in *Palmer v. Carlton*, *supra, Hargrove v. Brigano*, *supra*, and *Griffin v. Rogers, supra.*

One of the single purposes of the AEDPA is the desire of Congress to achieve finality in criminal cases, both federal and state.  *Duncan v. Walker*, 533 U.S. 167 (2001); *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Calderon v. Thompson*, 523 U.S. 538, 554-58 (1998).  To allow a habeas petitioner to amend his petition to raise claims that are time-barred would frustrate that intent and would be contrary to the policy of the AEDPA.  As such, Respondent respectfully requests that the Court reject the Magistrate's Report and Recommendation to vacate the Court's Order dismissing Ground One through Three as time-barred.

In the alternative, if the Court is at all inclined to agree with the Magistrate, Respondent requests that the case be stayed pending the outcome of *Abela* in the United States Supreme Court.  (*See* Exhibit B, attached, March 19, 2004 Order, *Grigsby v. Brigano*, Case No. 3:03cv147, S.D. Ohio, 3-19-04).

## CONCLUSION

Respondent requests that the Court dismiss the instant petition in its entirety.


Respectfully submitted,

JIM PETRO (0022096)
Ohio Attorney General

s/ Stephanie L. Watson
STEPHANIE L. WATSON (0063411)
Deputy Attorney General
Trial Attorney for Respondent
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
FAX: (614) 728-9327


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to Derrick Reaves, #349-081, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, via first class U.S. mail, this 19th day of April 2004.


s/ Stephanie L. Watson
STEPHANIE L. WATSON
Assistant Attorney General