IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLEVELAND GRIGSBY, JR.,

    Petitioner,

vs.                        Case No. 3:03cv147

ANTHONY BRIGANO, WARDEN,      JUDGE WALTER HERBERT RICE

    Respondent.

---

DECISION AND ENTRY OVERRULING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS TIME-BARRED (DOC. #4), WITHOUT PREJUDICE TO RENEWAL AFTER SUPREME COURT ACTION ON ABELA v. MARTIN, 348 F.3d 164 (6th Cir. 2003); COURT'S RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #7), RECOMMENDING ABOVE MOTION TO DISMISS BE OVERRULED, VACATED; CAPTIONED CAUSE STAYED IN ITS ENTIRETY UNTIL ABELA v. MARTIN RUNS ITS COURSE IN UNITED STATES SUPREME COURT

---

In this habeas corpus matter, filed pursuant to 28 U.S.C. § 2254, Respondent has filed a Motion to Dismiss the within Petition as time-barred (Doc. #4). The Magistrate Judge has filed a Report and Recommendations, recommending that the above referenced Motion to Dismiss be overruled (Doc. #7). Respondent has opposed said judicial ruling (Docs. #9 and #10).

While this Court is inclined to agree with the Respondent's premise set forth in his Motion to Dismiss that said Motion is controlled by Sixth Circuit precedent in

Bronaugh v. State of Ohio, 235 F.3d 280 (6th Cir. 2000), and its progeny, rather than by that Court's earlier, pre-AEDPA decision in White v. Schotten, 201 F.3d 743 (6th Cir. 2000), and its progeny (including several unreported decisions), a premise that would cause this Court to find that the within Petition is untimely, this Court recognizes, as does Respondent, that, under the recent Sixth Circuit decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), holding that a habeas petitioner is entitled to an unlimited 90-day tolling for any subsequent litigation following the conclusion of state-post conviction proceedings, the instant petition would be timely, albeit under reasoning different from that as set forth by the Magistrate Judge in her Report and Recommendations.  A Petition for Writ of Certiorari was filed with regard to that recent Sixth Circuit decision, docketed as Caruso v. Abela, Supreme Court case 03-1079, on January 20, 2004, but has yet to be ruled upon.

     In the face of a potentially dispositive opinion, now working its way through the processes of the United States Supreme Court, this Court concludes that it is the better part of wisdom and judicial economy to overrule the Respondent's Motion to Dismiss (Doc. #4), without prejudice to renewal once the United States Supreme Court has either denied *certiorari* or, having accepted same, ruled upon the merits of the Abela case.  Moreover, the Magistrate Judge's Report and Recommendations (Doc. #7), recommending that this Court overrule the Respondent's Motion to Dismiss (Doc. #4), is vacated, and the entirety of the captioned cause stayed until such time as the Supreme Court has resolved, in

whatever fashion, the <u>Abela</u> matter.  As soon as the Supreme Court has spoken on that litigation, the Respondent may wish either to renew his Motion to Dismiss or to abandon same.  Based upon Respondent's decision, the Magistrate Judge, assuming a new Report and Recommendations are necessary, may well wish to revise same.  The Court will place the burden upon Respondent's counsel to notify that judicial officer at such time as the Supreme Court has concluded its review of the <u>Abela</u> decision.

|  |  |
|---|---|
| March 19, 2004 | /s/ Walter Herbert Rice<br>WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

Cleveland Grigsby, Jr., Pro Se
Stephanie L. Watson, Esq.
Magistrate Judge Sharon L. Ovington

WHR/slc