FILED
JAMES BONINI
CLERK

05 JUN 27 PM 12: 30

SOUTHERN DIST. OHIO
WEST. DIV. CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK REAVES,<br>    Petitioner, | CASE NO. 1:02CV100 |
| VS. | Judge Weber |
| TIM BRUNSMAN, WARDEN<br>    Respondent. | Magistrate Judge Hogan |
| | TRAVERSE TO RESPONDENT'S<br>SUPPLEMENTAL ANSWER/<br>RETURN OF WRIT<br>28, U.S.C. 2254 |

---

**DERRICK REAVES**, Petitioner, herein, hereby respectfully files the following traverse pursuant to **Rules Governing § 2254 cases, Rule (5)(e)**.

Petitioner denies/objects each and every affirmative defense ground raised in Respondent's supplemental answer/return except for those grounds expressly admitted in the instant traverse and attachments hereto.

Petitioner further ask this Honorable Court to consider these matters **infra** prior to reaching its factual findings and conclusions of law.

Respectfully Submitted:

/s/ Derrick Reaves
Derrick Reaves-Petitioner
Inmate No. A349-081
Chillicothe Correctional Inst.
15802 State Route 104 North
P.O. BOX 5500
Chillicothe, Ohio 45601

Counsel for Petitioner,
Derrick Reaves, Pro Se

## I. FEDERAL HABEAS CORPUS ANALYSIS:

### A. Role and Function:

Federal Courts have [**power**] under the federal habeas corpus statute to grant relief despite a applicant's failure to have pursued a state remedy not available to him or her at the time he applies; the doctrine under which state procedural defaults are held to constitute an adequate and independent state law ground barring direct Supreme Court review is not to be extended to limit and/or restrict federal courts [**power**] to grant writs of habeas corpus under our federal constitution and federal habeas corpus statute. See **Fay v. Noia (1963), 83 S.Ct. 822, at 827.**

Habeas Corpus is the exclusive federal remedy available to a state prisoner who challenges the fact or duration of his confinement and seeks as relief his speedier or immediate release. **U.S. Const.Art.I § 9; Fay v. Noia, 372 U.S 391, 399-414 (1963); Preiser v. Rodriquez, 411 U.S. 475,500 (1973).**

The case at bar, the above paragraph indeed has extremely important implications for federal/state relations in the areas of administration of criminal justice.     **B. Historical Developement:**

In this event, petitioner respectfully takes this Honorable Court deeper into habeas corpus genensis. The extraordinary prestige of the **Great Writ, habeas corpus ad subjiciendum,** in Anglo-American jurisprudence: "the most celebrated writ in the English Law". See 3 Blackstone Commentaries 129.

-1-

It is "a writ antecedent to statute, throwing its root deep into the genius of our common law***. It is perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement. It is of immemorial antiquity, an instance of its use occurring in the thirty-third year of Edward I". See Secretary of State for Home Affairs v. O'Brien, [1923] A.C. 603,609 (H.L.).

The Great Writ was thus received into our own law in the colonial period, given explicit recognition in the Federal Constitution, Art.I,§9,cl 2, incorporated inthe very first grant of federal court jurisdiction, Act of September 24, 1789, c 20, §14, 1 Stat. 81-82. See also, Church, Habeas Corpus (1884), §§ 38-45; Carpenter, Habeas Corpus in the Colonies, 8 Am. Hist.Rev.18 (1902).

Justice John Marshall confirmed the writ to be a "great constitutional privilege". See Ex parte Bollman and Swartwout, 4 Cranch 75, 95, 2 2 L.Ed. 554.

In Bowen v. Johnston (1939), 306 U.S. 19,26 59 S.Ct. 442,446, 83 L.Ed. 455, the High Court reaffirmed the place of the writ in our jurisprudence: "We repeat what has been so truly said of the federal writ: 'there is no higher duty than to maintain it unimpaired', and unsuspended, save only in the cases specified in our constitution". See also, Smith v. Bennett, 365 U.S. 708,713, 81 S.Ct. 895,898, 6 L.Ed.2d 39.

Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged. ¶If "**government [is] always to be accountable to the judiciary for a man's imprisonment**", Fay v. Noia, supra, 372 U.S., at 402, 83 S.Ct., at page 829, access to the courts on habeas must not be thus impeded. The inapplicablity of **res judicata** to habeas, then is inherent in the very role and function of the writ. See Sanders v. United States (1963), 83 S.Ct. 1068, at 1073.

## II.     Procedural Default:

The Respondent has defaulted each and every ground raised in its May 16, 2005 Supplemental Answer and Return of Writ.

### A. Standard

**Federal Civil Rule 6.1(a)(b) provides: Each party to an action** may obtain stipulated extensions of time not to exceed a total of twenty (20) days in which to file a motion in response to a pleading or any responsive pleading. This may be done by filing with the Clerk a written stipulation between the parties for such extensions, provided, however, that the aggregate time extended during the action shall not exceed a total of twenty (20) days. A stipulation filed with the Clerk shall affirmatively state the new date for response agreed to by the parties and that no prior stipulated extensions to that party, together with the stipulated extension then filed, exceed a total of twenty (20)days. Neither the stipulation nor any Order to that effect need be submitted to the Court for such extensions. If no such stipulation is obtained, or if additional extensions beyond the stipulated periods are requested, the party desiring an extension must obtain the approval of the Court.

Section (b) also provides: this Rule applies only to extensions of time to plead to a complaint, amended complaint, counterclaim, or comparable pleading. It does not permit stipulated extensions of time to respond to Motions, Court Orders, or other deadlines. All extensions other than those permitted by this Rule must be upon motion.

In the case **sub judice** Respondent failed to comply with **U.S. District Court Magistrate (Hogan)** April 01,2005 order to file Supplemental Return/Answer to the writ within Forty (40) days. **See Respondent's filed Return**

The Magistrate's decree commanded the Ohio Attorney General's Office (Respondent), to file its Supplemental Response on or before May 12,2005. **See Magistrate's April 01,2005 (Order).**
However, Respondent files its Supplemental Response not until May 16,2005. Respondent never filed an extension of time pursuant to **Civ.R.6.1** or alternatively gave this Court any reasons for its failure to comply. Therefore, the petitioner respectfully request this Court to strike respondent's May 16,2005 Supplemental Return/Answer. **See State v. Wiles (Ohio App.11 Dist. 1986), 126 Ohio App.3d 71, 709 N.E.2d 898.**

Petitioner, now respectfully ask this Court for leave to proceed upon the merits of the cae **sub judice.**

### III. STATEMENT OF FACTS:

PETITIIONER HEREBY ADOPTS HIS FEBRUARY 13,2002, STATEMENT OF FACTS FROM PETITIONER'S ORIGINAL HABEAS CORPUS MEMORANDUM IN SUPPORT.

## IV. PRESUMPTION OF CORRECTNESS:

In habeas Corpus proceedings, federal courts have only limited power to reject a state court's findings of fact, made after a hearing on the merits. This **"Presumption of Correctness"** which attaches under 28, U.S.C. §2254(d) requires federal courts to give equal deference to factual determinations of all state courts, whether the court be a trial court or an appellate court. See **Sumner v. Mata (1981), 449 U.S. 539, at 547-48, 101 S.Ct. 764 at 769.**

The Federal Habeas Corpus Statute presumes the norm of a fair trial in the state court and adequate state post-conviction remedies to redress possible error". **See Jackson v. Virginia, 443 U.S. 307,323, 99 S.Ct. 2781,2791, 61 L.Ed.2d 560 (1979).**

In the case at bar, after examining the record in petitioner's case, and finding that the state trial court below had dispensed with and/or amended petitioner's charging indictment-thus instructing the state jury of **(double)** alternatives of the crime of **MURDER** under Ohio Revised Code 2903.02(A) by also instructing on the seperate and unindicted crime of **COMPLICITY** under Ohio Revised Code 2923.03(F).

The state trial court below thus **"instructed on crimes"** inwhich petitioner was never charged, let alone indicted by, the state grand jury system-falls squarely within section 2254(d)(2):**"that the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing". Sumner, supra, at 544. See, also Respondent's Exhibit 1, at 743-46. Also Petitioner's Exhibit A**

-5-

In a habeas corpus proceeding, a federal court may 'interfere' with a state court's decision only of it makes at least one of the eight findings delineated in 28, U.S.C. 2254(d). **Sumner v. Mata**, 449 U.S. at 544-45. The state trial court's unconstitutional instructions to the jury where petitioner has never been indicted by the Ohio State Grand Jury of **COMPLICITY** TO COMMIT **MURDER** eliminates any **"presumption of correctness"** from that courts factual determinations. The general rule is that federal courts reviewing state criminal convictions on writs of habeas corpus have broad discretionary [power] to hold **de novo** evidentiary hearings. See **Fowler v. Jago (6th Cir.1982), 683 F.2d 983 citing Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).**

Once it has been determined that the state court has not"...**after a full hearing reliably found the relevant facts...**" Id. **Townsend v. sain, 372 U.S. at 312-13, 83 S.Ct. at 756-57, the "presumption of correctness"** does not operate, and an evidentiary hearing is mandated. See **Fowler, supra, at 987. See also, Respondent's Exhibit 1, at 743-46; Petitioner's Exhibit A**

## V. FEDERAL HABEAS CORPUS ACTION

On March 24, 2005, Senior United States District Judge Herman J. Weber adopted Honorable Hogan's Report and Recommendation to deny Ground Four of petitioner's original petition and to vacate a previous order dismissing Grounds One through Three on the ground that they are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d). **See District Court's April 01, 2005 ORDER.**

**GROUND ONE: CONVICTION OBTAINED IN VIOLATION OF VI AND XIV AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL. (sic)**

**SUPPORTING FACTS:** Trial counsel rendered ineffective assistance of counsel where he failed to request and receive lesser included offense instruction to the jury on voluntary manslaughter.

**GROUND TWO: CONVICTION OBTAINED IN VIOLATION OF VI AND XIV AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

**SUPPORTING FACTS:** Trial counsel rendered ineffective assistance of counsel at trial where he failed to recognize, argue and brief the fact that Petitioner's conviction for Murder violates the double inference rule and Due process of law.

**GROUND THREE: CONVICTION OBTAINED IN VIOLATION OF PETITIONER'S (sic) VI AND XIV AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.**

**SUPPORTING FACTS:** Appellate counsel rendered ineffective assistance of counsel on direct appeal in state courts where she failed to argue trial counsel's ineffectiveness for not requesting lesser-included offense jury instructions and the double inference violation.

A. <u>SUFFICIENCY OF THE EVIDENCE</u>:

The heart of the State of Ohio's prosecution against Petitioner- and the basis for his 15 to life sentence was that he violated Ohio Revised Code § 2903.02 (A) felony murder.

Petitioner essentially argues that to convict a person of felony 'murder' under Ohio Law, the State must prove that the defendant purposely caused the death of another. See O.R.C. 2903.02(A).

However, the state trial court instructed on the charging offense of 'murder' under O.R.C. 2903.03(A) (as indicted) and also instructed on the seperate criminal offense of 'complicity' under Ohio Revised Code 2923.03(F).

The Ohio Grand Jury never returned an offense of 'complicity' as defined under O.R.C. 2923.03(F) rather it true billed the distinct offense of 'murder' as defined under O.R.C. 2903.02(A).

Petitioner additionally argues that his original trial and/or state appellate attorney never once objected and/or briefed and argued such fundamental miscarriage of justice.

It is impossible to determine with certainty on what act the guilty verdict was based. As Petitioner argued in his previously filed briefs to this Court, under the facts of this case, it is quite clear that the state could have indicted him on two counts, one as a principal and one as an aider and abettor. While the latter may have been phrased, pursuant to O.R.C. § 2923.03(F), in terms of either principal or complicitor status, the separation into two counts would have at least provided Petitioner with sufficient insight into his potential

-8-

li

liability and made clear any questions concerning the factual basis for the additional count of 'complicity'.

The Respondent (Ohio Attorney General, hereinafter AG) disputes Petitioner's argument on the merits, and also urges that Petitioner's claims has been defaulted. Because a discussion of the procedural default in this case requires an understanding of the merits, Petitioner will discuss the merits first.

## B. MERITS:

The (AG) claims that all three grounds for relief as sought by the Petitioner because it fails to meet the **Strickland v. Washington, 466 U.S. at 687** test. **See Respondent's Return, at 18-23**

In Petitioner's first ground for relief, he concedes that he was denied the effective assistance of counsel when counsel failed to request a jury instruction on a lesser included offense, i.e., voluntary manslaughter.

In Petitioner's second ground for relief, he concedes that he was denied the effective assistance of counsel because trial counsel did not argue that trying Petitioner as an aider and abettor violated the double inference rule to wit: Due Process of Law.

In Strickland v. Washington, **supra,** the Court explained the test for determining the effectiveness of counsel:

**A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Id. 466 U.S. at 687.**

With respect to the first prong of the Strickland test, Petitioner concedes that he can make such a showing.

Petitioner's initial trial counsel failed to object to the state trial court's prejudicial jury instructions. As stated above, Petitioner was only indicted on **'Murder'** in violation of O.R.C. 2903.02. However, the state trial court instructed on **'Murder'** and a separate unindicted offense of **'Complicity'** in violation of O.R.C. 2923.03(F).

This was done without one single objection from trial counsel.

It is black letter law, ingrained in our system of criminal jurisprudence from our earliest days as a republic, and dignified by inclusion in the Bill of Rights, that: **"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger ;**

-10-

**U.S. Const. Amend. V.** In a similar vein, Amendment VI of the United States Constitution requires that: **In all criminal prosecutions, the accused shall enjoy the right...to be informed of the nature and cause of the accusation;...** Language virtually identical to these commandments may also be found in Article I, Section 10 of the Ohio Constitution. The purpose of these constitutional guarantees is quite clear: **fundamental decency and civilized conduct require that an accused be permitted to defend himself fairly against crimes charged to him, and to do so it is necessary that he be fully and fairly informed of the nature and cause of the accusations against him.**

The fundament of such information is provided by **'indictment'**. See, e.g., **Stirone v. United States (1960), 361 U.S. 212, 80 S.Ct. 270; Bartell v. U.S. (1913), 227 U.S. 427, 33 S.Ct. 383; United States v. Hess (1888), 124 U.S. 483, 8 S.Ct. 571.** Ohio decisions have consistently affirmed the principle under a variety of circumstances. **See, e.g., State v. Wozniak (1961), 172 Ohio St. 517, 178 N.E.2d 800; State v. Harris (1932), 125 Ohio St. 257, 181 N.E. 104; State v. Schaeffer (1917), 96 Ohio St. 215, 117 N.E. 220; Lane v. State (1883), 39 Ohio St.312; Dillingham v. State (1855), 5 Ohio St. 280; State v. Washington (1978), 56 Ohio App.2d 129, 381 N.E.2d 1142; City of Toledo v. Solider (1956), 101 Ohio App. 273, 139 N.E.2d 631.**

To state the matter bluntly, the petitioner in this case cannot be convicted of a crime of which he was never charged.

-11-

Pursuant to O.R.C. 2923.03(F), a charge of complicity may be stated in terms of O.R.C. 2923.03 or in terms of the principle offense. **State v. Caldwell (1984), 19 Ohio App.3d 104, 483 N.E.2d 187.**
Where one is charged in terms of the principle offense, he is on notice, by operation of O.R.C. 2923.03(F), that evidence could be presented that the defendant was either a principle or an aider and abettor for that offense. **See State v. Dotson (1987), 35 Ohio App.3d 135, 520 N.E.2d 240.**

Complicity under Ohio law, simply defines circumstances which may connect one person with another in the commission of a crime. **See State v. Gaines (Dec.10, 1981), Cuyahoga App. No. 43257, unreported.** Charging an individual with complicity allows one who aids and abets the commission of a crime to be charged as a principle when that person acts **"with the kind of culpability required for the commission of an offense**\*."  O.R.C. 2923.03(A)(2); Gaines, supra. See also, **Petitioner's initial filed Habeas Memo, respectively.**

In the case at bar, given the gravity of trial counsel's deficient performance in not objecting to the state trial court's prejudicial jury instructions, Petitioner hereby say that trial counsel's performance fell below acceptable norms. See **Evrett v. Beard, 290 F.3d 500,515-16 (3d Cir.2002); Northrop v. Trippett (6th cir.2001), 265 F.3d 372,384.**

For the same reasons as stated in Petitioner's argument relative to the state trial court's prejudicial jury instructions-Petitioner was definitely prejudiced by state trial counsel's performance as it resulted in the possible erroneous conviction of Petitioner.

## C. ACTUAL INNOCENCE

In extreme cases, a federal habeas court may hear a defaulted constitutional claim where cause and prejudice cannot be shown if the petitioner shows that his conviction is the result of a fundamental miscarriage of justice. A fundamental miscarriage of justice is the conviction of one who is **"actually innocent"**. **See Coleman, 501 U.S. at 750; Murray, 477 U.S. at 496.** In Murray, the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence. **Id.**

However, actual innocence means factual innocence as compared with legal innocence. See Kulmann v. Wilson, 477 U.S. 436,454 (1986). " A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime ". See Sawyer v. Whitley, 505 U.S. 333 (1992).

The question is whether the petitioner presents evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error".

In the case at bar, Petitioner demonstrated that his Federal Due Process rights were violated by the State trial court's inclusion of the instruction on complicity.

Petitioner concedes that the confidence of the instant state guilty verdict should have no further force where it is shown that the State jury could have found guilt either on Murder or Complicity with the latter offense never being charged and therefore Petitioner concedes that he is actually innocent of the crime of **'Murder'** as defined under Ohio Revised Code, Section 2903.02.

Furthermore, state appellate counsel never raised such issues as it should have been more than obvious from the records and files to wit: **Indictment (Petitioner's Exhibit A)** and **Trial Pages 743-46 (Respondent's Exhibit 1, at 743-46).**

D. **PROCEDURAL DEFAULT:**

Aside from the merits, the Respondent (AG) argues that Petitioner has defaulted each and every claim because he failed to press these instant claims

on direct appeal and throughout the state judiciary. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice". See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In the case at bar, Petitioner concedes that he did not raise the instant claims at trial or on direct appeal, as he was required to by Ohio rules. However, this is not dispositive of petitioner's instant claims. As Petitioner stated supra, the ineffectiveness of his trial and appellate counsel supplies the cause needed to excuse his procedural default. Indeed, "[i]neffective assistance of counsel can supply the cause that, together, with prejudice, would excuse a procedural default." See McFarland v. Yukins, 356 F.3d 688,699 (6th Cir.2004.). See also, Richey v. Mitchell (6th Cir.January 05,2005), 395 F.3d 660, at 679.

## VI. CONCLUSION:

Petitioner hereby declare that he is actaully innnocent of the crime of 'MURDER' under Ohio law and the factual issues involved here does not warrant dismissal as the aforementioned conviction was obtained contrary to the Federal Due Process Clause-as this Petitioner prays for the granting of the

Great Writ of habeas corpus **ad subjiciendum** thus relying on the firmly established doctrine of **stare decisis**, Petitioner ask for relief as justice and law provides. **Gall v. Parker (6th Cir.2000), 231 F.3d 265, 335-36.**

Respectfully Submitted:

*Derrick Reaves*

Derrick Reaves, Pro se Petitioner.

### VII. PROOF OF SERVICE:

I hereby certify that a true and accurate copy of the foregoing traverse has been served upon opposing party of record to wit: **Jerri L. Fosnaugh (0077718), Assistant Ohio Attorney General, Corrections Litigation Section, 150 East Gay Street, Columbus, Ohio 43215** via hand delivery to proper prison officials for regular U.S. mail service upon the same on this __9th__ day of June, 2005, being in conformance with **White v. Curtis (6th Cir. July 26, 2002), 42 Fed. Appx. 698, 700, 2002 U.S. App. Lexis 15401, at 8-9** and **Fed. Civ. R. 6(e).**

*Derrick Reaves*

Derrick Reaves #A 349-081
PETITIONER.