# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Derrick Reaves,
      Petitioner

        vs                  Case No. 1:02cv100
                             (Weber, Sr.J.; Hogan, M.J.)

Tim Brunsman,[1]
      Respondent

_____

## REPORT AND RECOMMENDATION
_____

      Petitioner, an inmate currently in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, wherein he asserts four grounds for relief. (Doc. 1). On March 24, 2005, the Court issued an Order adopting the undersigned's April 8, 2004 Report and Recommendation to deny one of the grounds for relief with prejudice on the merits and to vacate a previous order dismissing petitioner's remaining three claims with prejudice on procedural statute of limitations grounds. (*See* Docs. 13, 15). On April 1, 2005, respondent was ordered to file a supplemental return of writ responding to the three claims that are no longer considered barred from review on statute of limitations grounds. (Doc. 16). Respondent has filed a supplemental return of writ as ordered by the Court, and petitioner has filed a "traverse" brief in reply to the supplemental return of writ. (Docs. 18, 19). Therefore, it appears that this case,

_____

[1]Since the initiation of this action, petitioner was transferred from Lebanon Correctional Institution to Chillicothe Correctional Institution (CCI). (*See* Doc. 11). In a Report and Recommendation filed April 8, 2004, the caption of the case was changed to reflect that James Erwin, who was then Warden of CCI, was the proper party respondent. (Doc. 13, p. 1 n.1). However, since that time, James Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed again to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

which has been pending for a number of years before this Court, is now ripe for final adjudication.

## Procedural Background

This case involves a convoluted procedural history in both the state and federal courts.  Although this history has been discussed exhaustively in previous decisions issued by this Court (*see* Doc. 5, pp. 1-5; Doc. 13, pp. 2-5), the Court believes that at this juncture a summarization of the procedural background is in order.

In this habeas corpus action, petitioner seeks to challenge his continued incarceration based on his murder conviction after retrial before a jury and resulting prison sentence of fifteen (15) years to life imposed on July 21, 1997 by the Hamilton County, Ohio, Court of Common Pleas.  (Doc. 1, pp. 2, 7).  With the assistance of counsel, petitioner pursued an appeal in the state courts from his conviction and sentence, raising claims of error that are not at issue in the instant action.  (*See* Doc. 3, Exs. G, Q).  Petitioner did not obtain relief from the state appellate courts in those proceedings, which concluded on June 30, 1999 when the Ohio Supreme Court denied petitioner leave to file a delayed appeal from the Ohio Court of Appeals' December 18, 1998 decision affirming the trial court's judgment of conviction and sentence. (*See id.,* Exs. I, S, T).

Thereafter, petitioner filed a federal habeas corpus petition with this Court in June 2000, alleging in two grounds for relief some of the claims that he had presented to the Ohio courts on direct appeal.  (*See id.,* Ex. U).  Subsequently, petitioner filed a motion to stay the proceedings or to dismiss his federal habeas corpus petition without prejudice so that he could exhaust ineffective assistance of trial and appellate counsel claims that had never before been raised by means of an application for delayed reopening of the appeal pursuant to Ohio R. App. P. 26(B).  (*Id.,* Ex. V at 1-2).  On March 17, 2001, the United States Magistrate Judge assigned to the case recommended that the petition be dismissed without prejudice and also that the district court toll the running of the applicable statute of limitations set forth in 28 U.S.C. § 2244(d) in order to provide petitioner additional time to exhaust his Ohio remedies and return to federal court.  (*Id.* at 2).  On July 13, 2001, upon consideration of the Magistrate Judge's Report and Recommendation, the district court dismissed the petition without prejudice on exhaustion grounds, but declined to toll the running of the statute of limitations under the authority of *Duncan v. Walker,* 533 U.S. 167 (2001).  (*Id.* at 8-9).

On August 31, 2001, about a month after the dismissal of his federal habeas petition, petitioner filed a pro se motion for leave to file a delayed motion to reopen his appeal pursuant to Ohio R. App. P. 26(B) in the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. W). In his application, petitioner claimed his appellate counsel provided ineffective assistance by failing to assert as assignments of error that petitioner's trial counsel provided ineffective assistance when he (1) did not request lesser-included offense jury instructions, and (2) did not argue in support of his motion for judgment of acquittal that petitioner's conviction was obtained in violation of the rule against double inferences. (*Id.*, Memorandum, pp. 2-10). Petitioner argued as "cause" for his delay in filing that he "was without the assistance of counsel during the running of the nin[et]y (90) day time period from [the Court of Appeals'] final judgment" and that his appellate counsel was ineffective in failing to advise him during that 90-day period of his right to petition the Court of Appeals for reopening of his appeal based upon a possible claim of ineffective assistance of appellate counsel. (*Id.,* Motion & Memorandum, pp. 1-2). In so arguing, petitioner relied on the Sixth Circuit's decision in *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), as demonstrating that he had a constitutional right to effective assistance of counsel in the preparation and filing of an application to reopen his appeal. (*Id.,* Memorandum, pp. 1-2).

On October 12, 2001, the Ohio Court of Appeals denied petitioner's application for reopening as untimely filed. The court reasoned in relevant part as follows:

> App.R. 26(B) requires an application to reopen an appeal to be filed with the court of appeals within ninety days from the date on which the appellate judgment was journalized, unless the applicant can show good cause for filing at a later time. This court's judgment was journalized on December 18, 1998, and the appellant filed his application to reopen his appeal on August 31, 2001; therefore, the appellant filed his application almost two and one-half years after the ninety-day period had expired.

> The appellant asserts that the filing delay was justified, because he was without legal representation during the ninety-day filing period. This argument fails. The appellant had no right to counsel to assist him in filing his application, see *State v. Dennis* (1999), 86 Ohio St.3d 201, 713 N.E.2d 426, and ignorance of the law, to the extent that it is alleged here to be a consequence of the lack of counsel, does not constitute good cause for a filing delay. . . .

3

(*Id.*, Ex. X) (citations to state cases omitted).

Petitioner sought leave to appeal this decision to the Ohio Supreme Court, essentially claiming in his memorandum in support of jurisdiction that he was denied procedural due process by the Court of Appeals' refusal to consider the merits of his ineffective assistance of appellate counsel claims despite his showing of "cause" for his delay in filing the reopening application. (*Id.,* Exs. Y, Z). On January 16, 2002, the Ohio Supreme Court summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. AA).

Almost immediately thereafter, petitioner initiated the instant federal habeas corpus action. In the petition, which was signed by petitioner on January 23, 2002 and stamped as "filed" on February 13, 2002, petitioner alleges the following grounds for relief:

**Ground One:** Conviction obtained in violation of 6th [&] 14th Amendment right to effective assistance of trial counsel.

**Supporting Facts:** Trial counsel rendered ineffective assistance of counsel where he failed to request and receive lesser included offense instruction to the jury on voluntary manslaughter.

**Ground Two:** Conviction obtained in violation of 6th & 14th Amendment right to effective assistance of trial counsel.

**Supporting Facts:** Trial counsel rendered ineffective assistance of counsel . . . where he failed to recognize, argue and brief the fact that Petitioner's conviction for Murder violates the double inference rule and Due Process of Law.

**Ground Three:** Conviction obtained in violation of Petitioner's 6th & 14th Amendment right to effective assistance of appellate counsel.

**Supporting Facts:** Appellate counsel rendered ineffective assistance of counsel on direct appeal in State courts where she failed to argue trial counsel's ineffectiveness for not requesting lesser-included offense jury instructions and the double inference violation.

4

**Ground Four:** State Court of Appeals denied Petitioner his absolute right to due process of law in overruling reopening motion . . . where Petitioner demonstrated cause for his procedural default.

(Doc. 1, pp. 5-6).

As mentioned earlier, *see supra* p. 1, the Court initially dismissed Grounds One through Three of the petition with prejudice by granting respondent's motion to dismiss those claims on the ground that they were barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See* Docs. 3, 5, 8). However, by the time petitioner's remaining claim for relief alleged in Ground Four became ripe for ruling, the Sixth Circuit had issued an en banc decision in *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004), which overruled prior Sixth Circuit precedents that had been relied on by the Court in finding Grounds One through Three to be time-barred.

On April 8, 2004, the undersigned issued a Report and Recommendation recommending that Ground Four be dismissed with prejudice based on a Sixth Circuit panel decision–*Lopez v. Wilson,* 355 F.3d 931, 937 (6th Cir. 2004).[2] (Doc. 13, pp. 5-10). In the Report and Recommendation, the undersigned also recommended that the Order dismissing Grounds One through Three as time-barred be vacated in light of the Sixth Circuit's en banc decision in *Abela*, which provided support for finding that the statute of limitations was equitably tolled during the pendency of petitioner's first timely-filed federal habeas corpus petition. (*See id.,* pp. 10-17). The Report and Recommendation was affirmed and adopted by the district court by Order filed March 24, 2005. (Doc. 15).

In response to an Order issued April 1, 2005, respondent has filed a supplemental return of writ addressing petitioner's remaining claims alleged in Grounds One through Three of the petition. (Doc. 18). In the supplemental return

_____

[2]On April 20, 2004, after the Report and Recommendation was filed, the *Lopez* panel decision was vacated by the granting of a petition for rehearing en banc. *See Lopez v. Wilson,* 366 F.3d 430 (6th Cir. 2004). Fortuitously, in an en banc decision issued this date, the Sixth Circuit finally decided the issue in respondent's favor based on its conclusion that the Ohio R. App. P. 26(B) reopening "application process does not give rise to any federal constitutional right cognizable on habeas." *Lopez v. Wilson,* No. 01-3875, slip op. at 14 (6th Cir. Oct. 7, 2005) (en banc) (to be published).

5

of writ, respondent argues in part that petitioner has waived these claims for relief due to his procedural default in the state courts.  (*Id.*, Brief, pp. 9-15).  Alternatively, respondent contends that Grounds One through Three of the petition should be denied as lacking in merit.  (*Id.,* pp. 16-22).[3]  The Court will proceed to address petitioner's remaining claims in light of these arguments as well as petitioner's "traverse" brief in response to the supplemental return of writ (*see* Doc. 19).

## OPINION

### A.  Petitioner Is Not Entitled To Relief Based On His Ineffective Assistance Of Counsel Claims Alleged In Grounds One Through Three, Which Are Waived Due To Petitioner's Procedural Defaults In The State Courts

In Grounds One and Two of the petition, petitioner alleges that his trial counsel provided ineffective assistance because (1) he failed to request a lesser-included offense instruction on voluntary manslaughter, and (2) he "failed to recognize, argue and brief" the argument that "Petitioner's conviction for Murder violated the double inference rule and Due Process of Law." (Doc. 1, p. 5 & attached memorandum, pp. 9-19).  In Ground Three of the petition, petitioner contends that his state appellate counsel was ineffective because she failed to assert the ineffective assistance of trial counsel claims alleged in Grounds One and Two as assignments of error on direct appeal.  (*Id.,* p. 6 & attached memorandum, pp. 19-21).

In the supplemental return of writ, respondent contends that petitioner has waived these claims due to his procedural defaults first in failing to present the ineffective assistance of trial counsel claims as independent assignments of error on direct appeal and then in failing to file a timely application for reopening of his appeal with respect to his ineffective assistance of appellate counsel claim. (Doc. 18, Brief, pp. 12-13).

---

[3]In a footnote, respondent also challenges the Court's decision to vacate its previous Order dismissing Grounds One through Three of the petition as time-barred.  (Doc. 18, Brief, p. 9 n.1).  It is respondent's position that petitioner "is not entitled to equitable tolling for the time that his prior habeas petition was pending" before this Court.  (*See id.*).  While acknowledging that the question is "close," the Court has already ruled in petitioner's favor on this matter. (*See* Doc. 13, pp. 14-17; Doc. 15).  At this juncture in the proceedings, any arguments challenging the Court's decision on the statute of limitations issue must be reserved for appeal.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of the claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent points out, petitioner failed to raise his ineffective assistance of trial counsel claims as independent assignments of error on appeal in the state courts, but rather presented them only "in the context of a claim of ineffective assistance of appellate counsel" in his application for delayed reopening of his appeal. (*See* Doc. 18, Brief, p. 12; *see also* Doc. 3, Ex. W, Memorandum, pp. 2-10). Petitioner committed a procedural default by failing to present these claims to the Ohio Court of Appeals on direct appeal. *See Leroy,* 757 F.2d at 97, 99-100. Because he thus did not provide the state courts with an opportunity to correct the alleged

7

constitutional errors, he has waived the ineffective assistance of trial counsel claims presented in Grounds One and Two unless he can show cause for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has suggested both in his state reopening application and in Ground Three of the petition that his appellate counsel's ineffectiveness constitutes "cause" for his procedural default in failing to raise the ineffective assistance of trial counsel claims on direct appeal. (*See* Doc. 1, p. 6; Doc. 3, Ex. W, pp. 19-21). Ineffective assistance of appellate counsel may constitute cause for a procedural default, *Murray,* 477 U.S. at 488, unless that claim also has been procedurally defaulted, *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir. 2005), *petition for cert. filed,* 74 U.S.L.W. 3050 (U.S. July 14, 2005) (No. 05-101). Here, it appears that petitioner procedurally defaulted his ineffective assistance of appellate counsel claim alleged in Ground Three, which is asserted as "cause" for his procedural default on direct appeal, because he did not timely file his application for reopening with the Ohio Court of Appeals.

It is well-settled that on federal habeas review of a state conviction, the court may be barred from considering an issue if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813. An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless as discussed above, *see supra* p. 7, the petitioner can satisfy the cause and prejudice standard or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.

A procedural default will not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained

order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey,* 395 F.3d at 679 (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993). To be deemed "regularly followed," a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n. 6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001). In addition, adequacy requires application of the rule "evenhandedly to all similar claims." *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982); *Maes v. Thomas,* 46 F.3d 979, 986 (10th Cir.), *cert. denied,* 514 U.S. 1115 (1995).

Petitioner first presented his ineffective assistance of appellate counsel claim to the state courts in his application filed August 31, 2001 for delayed reopening of his appeal pursuant to Ohio R. App. P. 26(B). Ohio R. App. P. 26(B) provides in relevant part: "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Petitioner failed to file his application within the requisite ninety-day period. The Ohio Court of Appeals, which was the only state court to issue a reasoned opinion in the matter, clearly and expressly relied on petitioner's procedural default in overruling his reopening application as untimely filed.[4] (*See* Doc. 3, Ex. X). In so ruling, the court rejected petitioner's arguments asserted as "good cause" for his delay in filing because, as the Ohio Supreme Court held in *State v. Dennis,* 713 N.E.2d 426 (Ohio

---

[4]The Ohio Supreme Court's later unexplained decision summarily dismissing the appeal "as not involving any substantial constitutional question" (*see* Doc. 3, Ex. AA) must be presumed to rest on the same procedural default. *Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

1999), petitioner "had no right to counsel to assist him in filing his application" to reopen his appeal. (*Id.*). Citing two other Ohio Supreme Court cases–*State v. Pierce*, 659 N.E.2d 1252 (Ohio 1996), and *State v. Reddick,* 647 N.E.2d 784 (Ohio 1995) (per curiam), the court also rejected petitioner's contention that his ignorance of the law, "to the extent it is alleged here to be a consequence of the lack of counsel," constituted good cause for his filing delay. (*Id.*).

The state law ground relied on by the Ohio appellate court in refusing to grant a reopening of petitioner's appeal, which turned on the "good cause" requirement in Rule 26(B), constitutes an adequate basis for the state court's decision. In 2001, when petitioner filed his reopening application, it was a well-established, regularly followed practice in Ohio for the courts to foreclose review of ineffective assistance of appellate counsel claims brought in untimely applications for reopening. *Monzo v. Edwards,* 281 F.3d 568, 577-78 (6th Cir. 2002); *see also Knuckles v. Brigano,* 70 Fed.Appx. 830, 841 (6th Cir. July 22, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 1113 (2004); *Lewis v. Randle,* 36 Fed.Appx. 817, 819 (6th Cir. Apr. 30, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 1137 (2003); *Oliver v. Moore,* No. C-1-02-918, 2005 WL 1793844, at *6-7, 11 (S.D. Ohio July 27, 2005) (Weber, Sr.J.) (unpublished) (adopting Report and Recommendation wherein it was determined that the state-law "good cause" ground relied on by the Ohio Court of Appeals in refusing to grant an untimely application for reopening of the appeal filed in September 2001 constituted an "adequate basis for the state court's decision"); *cf. Carpenter v. Edwards,* 113 Fed.Appx. 672, 677 (6th Cir. Oct. 28, 2004) (not published in Federal Reporter) (holding that Rule 26(B) was not regularly followed in 1994, but by 1998, application of rule had been regularized); *see generally Richey*, 395 F.3d at 679-80 (in April 1994, when petitioner moved to reopen his appeal, the Ohio R. App. P. 26(B)'s "good cause" requirement was not firmly established or regularly followed, and therefore did not constitute an adequate and independent state procedural rule).

In *Monzo,* the Sixth Circuit reasoned:

Our review of Ohio law leads us to conclude that there was sufficient guidance as to what would not constitute good cause at the time the rule was applied in this case. We do not dwell on the decisions issued shortly after the *Murnahan* decision, as the Ohio courts have had several years since then to consider the "good cause" requirement. . . . The Ohio Supreme Court shed light on the appropriate focus for determining good

10

cause under Rule 26(B) in *State v. Reddick,* 72 Ohio St.3d 88, 647 N.E.2d 784, 786 (1995). . . . That is, the Court in *Reddick* stressed that:

> Neither *Murnahan* nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.

> 647 N.E.2d at 786. Further, "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *State v. Williams,* 74 Ohio St.3d 454, 659 N.E.2d 1253, 1254 (1996). *See also State v. Franklin,* 72 Ohio St.3d 372, 650 N.E.2d 447, 448 (1995) (ignorance of the law does not justify untimely filing of a motion to reopen)[.] . . . Thus, we find the state courts relied on an adequate and independent state procedural ground to foreclose review of petitioner's *Murnahan* claim.

*Monzo,* 281 F.3d at 578 (some citations omitted).

As discussed above in *Monzo*, 281 F.3d at 578, the "good cause" requirement was consistently applied by August 2001 to reject the excuse asserted by petitioner that because he was not represented by counsel during the ninety-day period for filing a timely application and his attorney on direct appeal had not informed him of the time requirement, he was ignorant of the law and thus unable to perfect a timely application on his own. Indeed, it appears from the case-law, including the state supreme court *Reddick* and *Pierce* cases cited by the Ohio Court of Appeals in rejecting petitioner's "good cause" arguments for his untimely reopening application, that such a requirement was consistently applied by December 1998, when the Ohio Court of Appeals issued its initial decision on direct appeal. *Cf. Monzo,* 281 F.3d at 577-78; *Carpenter,* 113 Fed.Appx. at 677; *Lewis,* 36 Fed.Appx. at 819 (involving untimely reopening application filed in November 1995). As the Ohio Supreme Court

recognized in *Reddick,* the "good cause" requirement set forth in Ohio R. App. P. 26(B), and in effect since July 1, 1993, "for failure to file a timely claim of ineffective assistance of appellate counsel has existed at least since [*State v. Murnahan,* 584 N.E.2d 1204 (Ohio 1992),] was decided and arguably before, as *Murnahan* procedure was based on then-extant rules." *Reddick,* 647 N.E.2d at 786.

Accordingly, this Court concludes that petitioner's ineffective assistance of appellate counsel claim is barred from review by this Court under the "adequate and independent state ground" doctrine, either as "cause" for the default of his ineffective assistance of trial counsel claims alleged in Grounds One and Two of the petition or as an independent claim as set forth in Ground Three of the petition, absent a showing of cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not considered.

Prior to today, an argument could have been made that the Sixth Circuit's decision in *White* prohibits this Court from finding that petitioner's ineffective assistance of counsel claims alleged in Grounds One through Three are waived. In *White,* the Sixth Circuit held that a federal habeas petitioner could argue as "cause" for his procedural default in failing to file a timely reopening application that he was denied effective assistance by an attorney representing him in the reopening matter because an application to reopen an appeal under Ohio R. App. P. 26(B) is part of a criminal's direct appeal, to which the Sixth Amendment right to counsel attaches. *White,* 201 F.3d at 751-53. *White,* however, was overruled by the Sixth Circuit in an en banc decision issued this date. *See Lopez v. Wilson*, No. 01-3875, slip op. at 2, 13 (6th Cir. Oct. 7, 2005) (en banc) (to be published). Noting that the "Ohio courts have been unanimous in treating Rule 26(B) applications as part of collateral review, both before and after *White*," *id.,* slip op. at 5 n.3, the Sixth Circuit adopted the reasoning provided by the Ohio Supreme Court in *Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004), considered "authoritative only as a matter of state law," in holding in express disagreement with *White* that an application for reopening of the appeal under Ohio R. App. P. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal and, therefore, does not implicate constitutional concerns. *Lopez,* slip op. at 9-12. The court went on to specifically conclude that because a "Rule 26(B) application to reopen is a collateral matter rather than part of direct review[,] . . . there is no federal constitutional right to assistance of counsel at that stage." *Id.,* slip op. at 12.

Now that *White* has been overruled, and given that in any event the Ohio courts have been unanimous both before and after *White* in rejecting any "good cause"

arguments based on the lack of legal assistance in the reopening application process, petitioner cannot claim that the fact that no counsel advised or assisted him in the preparation and filing of a timely reopening application constituted "good cause" for his own untimely filing. *Cf. Lopez,* slip op. at 5 n.3 (and state cases cited therein); *Morgan,* 818 N.E.2d at 1160-61; *State v. Gross,* No. 76836, 2005 WL 793141, at *1 (Ohio Ct. App. Apr. 4, 2005) (unpublished) (and state cases cited therein); *State v. Collins,* No. 00AP-650, 2002 WL 77117, at *1 (Ohio Ct. App. Jan. 22, 2002) (unpublished) (and state cases cited therein); *State v. Marcum,* No. CA96-03-049, 2002 WL 42894, at *2-3 (Ohio Ct. App. Jan. 14, 2002) (unpublished), *appeal dismissed,* 766 N.E.2d 1003 (Ohio 2002); *State v. Dozier,* Nos. 56120, 56121, 2002 WL 42964, at *1-2 (Ohio Ct. App. Jan. 3, 2002) (unpublished) (rejecting the argument that counsel on direct appeal has an obligation under *White* to inform the defendant of his right to file a Rule 26 motion to raise a claim challenging that same counsel's effectiveness), *appeal dismissed,* 765 N.E.2d 877 (Ohio 2002); *State v. Bragg,* No. 58859, 2001 WL 1671424, at * 1 (Ohio Ct. App. Nov. 26, 2001) (unpublished) (and numerous state cases cited therein), *appeal dismissed,* 763 N.E.2d 1186 (Ohio 2002). *See also Oliver, supra,* 2005 WL 1793844, at *8-9.

Accordingly, as the Ohio Court of Appeals found in rejecting petitioner's state-law "good cause" arguments, *see supra* 3-4, 9-10, this Court concludes that petitioner has not demonstrated "cause" in this federal habeas corpus proceeding for his procedural default of his ineffective assistance of appellate counsel claim in the state courts.

Petitioner argues that a fundamental miscarriage of justice will occur if his ineffective assistance of counsel claims are not addressed on the merits by this Court, because he is actually innocent of the crime of murder.  (Doc. 19, pp. 13-14).  As petitioner apparently understands, petitioner's defaulted claims are subject to review under the "fundamental miscarriage of justice" exception if petitioner demonstrates that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crime charged.  *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005) (upholding equitable tolling of one-year statute of limitations governing habeas petitions "based on a credible claim of actual innocence").

Under this "actual innocence" standard, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have

been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup,* 513 U.S. at 327-28 (citing with approval the standard enunciated by Judge Friendly in a 1970 law review article, *Is Innocence Relevant?  Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 145 (1970)).  To be credible, a claim of actual innocence requires petitioner to support his allegations "with new reliable evidence . . . that was not presented at trial" either because it was wrongly excluded or unavailable at the time of trial.  *Schlup,* 513 U.S. at 324.  Establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency.  *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).  In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary."  *Schlup,* 513 U.S. at 327.

Here, petitioner has not presented any "new" evidence to support his claim of actual innocence.  Although his argument is difficult to follow, it appears that petitioner essentially is contending that the jury could have found him guilty of murder based on the state trial court's improper inclusion of an instruction on complicity.  This argument is insufficient to establish petitioner's factual innocence in this case.

Accordingly, in sum, because petitioner has neither demonstrated "cause" for his procedural defaults in the state courts nor made a sufficiently credible showing of his "actual innocence" in this case, the Court concludes that petitioner has waived his ineffective assistance of appellate counsel claim, asserted in Ground Three of the petition as an independent claim for relief and as "cause" for the procedural default of his ineffective assistance of trial counsel claims alleged in Grounds One and Two of the petition.  Because petitioner thus has waived both the ineffective assistance of trial counsel claims alleged in Grounds One and Two and the ineffective assistance of appellate counsel claim alleged in Ground Three of the petition, he is not entitled to habeas corpus relief on any of these remaining claims.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's remaining claims for relief alleged in Grounds One through Three of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should issue with respect to the constitutional claims alleged in Grounds One through Three of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether these grounds state a viable constitutional claim. Moreover, out of an abundance of caution, because the Sixth Circuit's en banc *Lopez* decision issued this date resolving in respondent's favor the constitutional issue raised in Ground Four of the petition, *see supra* p. 5 & n.2, is subject to appeal, a certificate of appealability should issue with respect to the constitutional claim alleged in Ground Four, which was rejected on the merits by this Court in a Report and Recommendation filed April 8, 2004 and adopted as a court order on March 24, 2005 (Docs. 13, 15).[5] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation and the March 24, 2005 Order adopting the Report and Recommendation issued April 8, 2004 (Docs. 13, 15) would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   10/7/2005                                     s/Timothy S. Hogan
　　　　　cbc                                     Timothy S. Hogan
                                                 United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\02-100denypet.waiv-del26(B)applic.wpd

---

[5]In recommending to issue a certificate of appealability with respect to the claim alleged in Ground Four of the petition, this Court hereby vacates its prior recommendation on April 8, 2004 to the opposite effect (*see* Doc. 13, p. 17, ¶ 1).

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Derrick Reaves,
      Petitioner


     vs                               Case No. 1:02cv100
                                    (Weber, Sr.J.; Hogan, M.J.)


Tim Brunsman,
      Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).