FILED
JAMES BONINI
CLERK

05 OCT 31 PM 2: 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK REAVES, | : | |
| Petitioner, | : | |
| | : | CASE No. 1:02CV100 |
| vs | : | |
| | : | |
| TIM BRUNSMAN, | : | WEBER, Sr. J; HOGAN M. J. |
| Respondent. | : | |
| | : | Motion in Objection to |
| | : | Respondent's Report and |
| | : | Recommendation |

    Petitioner Reaves, respectfully objects to this Report And Recommendation rendered on 10/07/05. Recommending that Petitioner's remaining Claims for relief alleged in grounds 1 thru 3 of his petition for writ of Habeas Corpus brought pursuant to 28 U.S.C. §2254 (Doc.1) be dismissed with prejudice. Petitioner respectfully submits that the magistrate's response and recommendation is not well taken for the reason that this case is grounded by 28 U.S.C. §2244(d)(1)(A) which provides that the one year period of limitations shall not begin to run until October 12, 2001. Respondent's exhibit X for this reason and ones more fully articulated in his attached memorandum of Fact and Law. The R&R must be over-ruled.

    MEMORANDUM OF FACT & LAW
    LAW & ARGUMENT

    On October 7, 2005 magistrate Judge Hogan made his Report & Recommendation. Ruling on the remaining issues on petitoner's Brief, concluding that the ineffective assistance of trial of Appellate Counsel issues are waived due to his procedural defaultin state court. Petitioner respectfully objects to this Report & Recommendation, one year time limitation began to run on October 12, 2001, the date the Ohio Court overruled and denied the temporary application. §2244(d)(1)(A), under this section, there is no need to toll any limitation in this case sub judice. because the one year time limitation applicable

to petitioner's habeas application cannot commence to run until **AFTER** the Ohio Court of Appeals denied the reopening application on October 12, 2001. Wherefore, since the 'factual predicate' of petitioner's claims under ground four was not available to him until October 12, 2001, then ipso facto, the R&R to dismiss is untenable because the Habeas application is timely filed.

GROUNDS ONE, TWO, AND THREE OF THE
INSTANT HABEAS CORPUS ARE TIMELY FILED

On April 8, 2004, this very court concluded that §2244 (d)(1)(A) controls pursuant to White v. Schotten, 201 F.3d 743 [6th Cir. 2000] and Bronaugh v. Ohio, 233 F.3d 280 [6th Cir. 2000] then ipso facto, petitioner's claims under ground Four was timely filed and this Court got to the merits of ground Four also. However, pursuant to 28 U.S.C. 2264 (2)(3). grounds

One, two, and three not have been fully exhausted in the State Courts, "if the state court process is inadequate to allow him to do so, and or if it would be futile to attempt to do so." Clearly then, 28 U.S.C. §2264 (2)(3) will permit this court to allow petitioner the opportunity to "bootstrap" his effective assistance of trial counsel in grounds one, two, and three of this petition to his claims of ineffective assistance of appellate counsel claims as no connective state court process remains to argue this claim in and/or it was and would be futile to do so.

In this instant case, petitioner argued that it was ineffective assistance of appellate counsel which caused him to default relevant to the untimely filing of his original motion to reopen his appeal as of Right and also a violation of counsel not arguing and recognizing the double inference issue & and lack of lesser included jury instrutions.

Here, in petitioner's traverse, the court misunderstood petitioner's position. page 14 of the R&R. stating petitioner has not presented any new evidence to support his claim of actual innocence. The Court went on to say petitioner's argument was difficult to follow, and this court construed his claims to be, the jury could have found him guilty on murder based

on the state trial court's improper inclusion of an instruction on complicity. Further stating, this was insufficient to establish petitioner's factual innocence in this case. Petitioner's agrees with the court's finding on that issue, however, it's not petitioner's position. Petitioner claims are the state court violated his fundamental right by not instruction of the issue of the lesser of manslaughter and this court allowed petitioner to be found guilty of murder based on a double inference. This is petitioner's position to support his claim of Factual Innocence. The state Trial court convicted four people of the crime of murder under 2903.02(A), never once did the state provide into evidence who the "principle offender" was, so the trier of fact has to infer that the principle offender had such intent, from that improper inference, trier of fact further inferred that petitioner had such intent, which is a violation that goes against the drawing of inferences. Therefore, petitioner is factually innocent of the charge of murder in the indictment. Prior to the charge of murder and after conviction of petitioner, the state must prove specific intent to kill. If prejudice to petitioner is extraordinarily great, federal habeas court may grant writ despite failure to show cause for procedural defaults. Mayers v. Peterson, 744 F. Supp 976 Affirmed 902 F.2d 1579. According to Fiore v. White 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed. 2d 629 (2001).

    The federal constitution's due process clause "forbids a State to convict a person of a crime without proving the elememts (intent) of that crime beyond a Reasonable doubt." Id at 228-29, 121 S.Ct. 712. Therefore, the state law question regarding the element's of the crimes predicates the enforcement of petitioner's federal constitutional right. Thus, this court must l;ook to the state law to determine whether the state was required to prove as an elelment of the crime that petitioner intended to kill the victim. The Schlup court said a district must make a probagilistic determine about what reasonable, properly instructed jurors would do. at 868.

    Petitioner contends that the state convicted him of a crime that can't exist without a principle offender, (see

original brief submitted) page 9,10, and 11. In Schulp, if petitioner, on Remand can present evidence of innocence so strong that a cpourt cannot have confidence in the outcome of trial unless the court is also "satisfied" that the trial was free of none harmless constitutional errors, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying calims Schulp, 115 S.Ct. at 861 (factual innocence) 2755, Schulp 115 S.Ct. at 867 The failure to hear such claims would result in a fundamental miscarriage of Justice in not hearing issues that constitutes one innocence of the crime charged see Kuhlmann v. Wilson 477 U.S. 436, 106 S.Ct 2616, 91 6.E 2d 364 as petitioner demonstrated cause for being late in that it was unavoidable to have known or discovered the issues until the state court overruled the reopening motion on October 12, 2001. Under 2263 (A)(3) the factual basis could not have been discovered until petitioner argued this claim through state court. As there exist no independant or adequate state ground to procedually default petitioner's on waiver grounds, grounds one, two, and three or all cognizable in this habeas corpus proceeding and are not subject to summary dismissal at this time. As petitioner's claims in this instant petrition for habeas corpus relief state claims upon which relief may be granted and/or claims that if not heard would constitute a miscarriage of justice.

   Petitioner respectfully disagrees with the report and recommendation that grounds one, two, and three be denied with prejudice on the waiver grounds.

                    Prayer for Relief
Since the great writ stand upon equitable principles, in the interest of justice this court should look to see if the "ends of justice" are met or these grounds state a viable constitutional Claim.

                                          *Derrick Reeves* (signature)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MOTION IN OPPOSITION OF APPELLEES REPORT AND RECOMMENDATION was served upon Attorney General JIM PETRO (0022096)/Assistant Attorney General JERRI L. FOSNAUGHT (0077718) by Regular U.S. Mail addressed to his/her office at: 150 Gay Street, 16th, Floor, Columbus, Ohio 43215 Counsel for Respondent, on this 21 day of OCTOBER, 2005.

*[signature]*

P.O. Box 5500

Chillicothe, Ohio 45601

.5