# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO

RECEIVED

DEC 1 9 2005

**JAMES BONINI, Clerk**
CINCINNATI, OHIO

DERRICK REAVES ,

   Plaintiff(s),     :

 -vs-          Case No. C-1-02- 100

TIM BRUNSMAN ,

   Defendant(s),    :

---

## APPLICATION AND AFFIDAVIT BY INCARCERATED PERSON TO PROCEED WITHOUT PREPAYMENT OF FEES

---

### NOTICE TO PRISONERS REGARDING PROCEEDINGS *IN FORMA PAUPERIS*

**Prisoner account statement required.** A prisoner seeking to bring a civil action or file an appeal without prepayment of fees or security therefor must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint or the filing of a notice of appeal. Prison Litigation Reform Act of 1995, Pub. L. No. 104-131, 110 Stat. 1321, § 804(a) (1)-(3), 28 U.S.C. § 1915(a)-(h). The trust fund account statement is obtained from the cashier of the prison or prisons at which the prisoner was confined during the previous six months. 28 U.S.C. § 1915(a)(2). Since an appeal is a separate action, another application to proceed without prepayment of fees or security therefor must be filed when you file a notice of appeal.

**Filing Fees.** The current fees for filing a habeas corpus petition, civil complaint, and notice of appeal are:

- Habeas corpus petition. . . . . . . . . . . . $5.00
- Civil complaint . . . . . . . . . . . . . . . . $150.00
- Appeal . . . . . . . . . . . . . . . . . . . . . $105.00

## HABEAS CORPUS PETITIONS

A prisoner seeking habeas corpus relief must file an affidavit to proceed without prepayment of fees and a certified copy of the prisoner's trust fund account statement for the past six months.

## CIVIL COMPLAINTS AND APPEALS

**Prisoners must pay the full filing fee.** If a prisoner brings a civil action *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).

**Initial partial filing fee.** The Court will assess and, when funds exist, collect, as partial payment of the filing fee, an initial partial filing fee of 20 percent of the greater of:

(1)    the average monthly deposits to the prisoner's account; or

(2)    the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.

28 U.S.C. § 1915(b)(1). No matter how little money is in the prisoner's account, prison officials must forward payments to the Court until the initial partial filing is paid. *In re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part II(C), 105 F.3d 1131, 1133 (6th Cir. 1997).

**Monthly payments.** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The cashier of the prison shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

**If you cannot pay the initial partial filing fee.** In no event shall a prisoner be prohibited from bringing a civil action for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. §1915(b)(4).

**Example of how the filing fee will be assessed and collected.** If Prisoner A had an average monthly balance in his/her prisoner's account for the previous six months of $2 and average monthly deposits of $20, then his/her initial partial filing fee would be $4, because the greater of his/her average monthly balance ($2) and average monthly deposits ($20) is $20 and 20% of $20 is $4:

Average monthly deposit x 20%    =    Initial partial filing fee
$20 x .20    =    $4.00

The Court's Order granting leave to proceed without prepayment of fees or security therefor would require the Prison Cashier to forward $4 to the Clerk of Court. No matter how little money is in  Prisoner A's account when the Order is issued, prison officials must forward payments to the Court until the entire $4 initial partial filing is paid. *In re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part II(C), 105 F.3d at 1133.

The Court's Order would also require the Cashier to collect each month a monthly payment of 20% of the preceding month's income credited to Prisoner A's account. If in the first month following the payment of the initial partial filing fee Prisoner A received $20 in State pay and no other monies were deposited in his account, his monthly payment would be $4 ($20 x .20 = $4). If in the second month following the payment of the initial partial filing fee Prisoner A received $20 in State pay and $50 from his family, his monthly payment would be $14 ($70 x .20 = $14). Every month the deposits in Prisoner A's account exceeded $10, the prison Cashier would assess, collect, and forward to the Clerk of Court a monthly payment of 20% of that month's total deposits. Each month the Cashier would continue to assess and collect monthly payments until the entire filing fee is paid.

**Filing a complaint waives any objection to the Court assessing the fee.** By filing the complaint, a prisoner waives any objection to the fee assessment by the Court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs.   Prisoners have a duty to cooperate during the litigation. *In re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part II, 105 F.3d at 1132.

**Administrative remedies.** Prisoners must exhaust available administrative remedies before bringing a civil action in federal court under 42 U.S.C. §1983 or any other federal law. The failure to exhaust such administrative remedies will result in the dismissal of the civil action. 42 U.S.C. §1997e(a). Prisoners seeking federal habeas corpus relief must first exhaust their available state court remedies under 28 U.S.C. 2254 (b).

**Court required to dismiss complaints which are frivolous, malicious, or fail to state a claim.** The Court is required to conduct an initial screening of the complaint and to dismiss any action brought by a prisoner confined in any jail, prison, or other correctional facility with respect to prison conditions under 42 U.S.C. §1983 or any other federal law if the Court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. §1997e(c)(1); 28 U.S.C. §§ 1915A and 1915(e)(2).

**Even if the complaint is dismissed, you must pay the entire filing fee.** Dismissal of a civil action at any stage of the proceedings for any reason, including dismissals for failure to exhaust administrative remedies or dismissals on the basis that the claim is frivolous, malicious, or fails to state a claim upon which relief can be granted, will not release the prisoner from the obligation to pay the total filing fee. 28 U.S.C. § 1915(b)(1). Even if the Court dismisses the complaint the same day  leave

to proceed *in forma pauperis* is granted or a prisoner voluntarily dismisses a complaint (or files an appeal), he or she has to pay the required filing fees.  *In re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part III, 105 F.3d at 1133-34.

   **If a federal court has dismissed your complaints or appeals as frivolous, malicious or failing to state a claim three times in the past, you cannot proceed** *in forma pauperis* **in a new case absent a threat of imminent, serious physical injury.**  A prisoner who has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, cannot proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## AFFIDAVIT

I, _DERRICK REAVES_, declare that I am the (check appropriate box):

☒ petitioner/plaintiff/movant        ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of the full filing fee or costs under 28 U.S.C. § 1915, I declare that I am unable to prepay the full filing fee or the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under the penalty of perjury:

1.  Are you currently incarcerated?    ☒ Yes        ☐ No

If "Yes", state the place of incarceration: _Chillicothe, Ohio_

(If "No," this is the wrong form for you. You should request the Non-Prisoner Declaration in Support of Request to Proceed *In Forma Pauperis*.)

2.  Do you have a work, program, status assignment or other circumstances which causes you to be paid by the prison, jail, or other custodial institution?    ☒ Yes        ☐ No

If "Yes", state the amount credited to you each month:  $ _18.00_ /month

3.  In the past 12 months have you received any money from the following sources? If so, state the total amount received.

<table>
<tr><td></td><td></td><td></td><td></td><td>Amount</td><td></td></tr>
<tr><td>a.</td><td>Business, profession or other self-employment</td><td>☐ Yes</td><td>☒ No</td><td>$_____</td></tr>
<tr><td>b.</td><td>Rent payments, interest or dividends</td><td>☐ Yes</td><td>☒ No</td><td>$_____</td></tr>
<tr><td>c.</td><td>Pensions, annuities or life insurance payments</td><td>☐ Yes</td><td>☒ No</td><td>$_____</td></tr>
<tr><td>d.</td><td>Disability or workers compensation payments</td><td>☐ Yes</td><td>☒ No</td><td>$_____</td></tr>
</table>

5

e.    Gifts or inheritances    ☒ Yes    ☐ No    $ _50.00_

f.    Any other sources    ☐ Yes    ☒ No    $_____

If the answer to any of the above is "Yes", describe each source of money and state the amount received **and** what you expect you will continue to receive. _I receive $50.00 maybe twice_ _a month. I dont expect any more, or even do I recieve it every month,_ _I really cant expect it all the time._

4.    Do you have **any** cash or checking or savings accounts outside the prison?

☐ Yes    ☒ No    Amount $_____

5.    Do you have a secondary savings account, such as a certificate of deposit or a savings bond, which is recorded by the prison cashier?

☐ Yes    ☒ No    Amount $_____

6.    Do you own any assets, including real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?

☐ Yes    ☒ No

If "Yes", describe each asset and state its value.

| ASSET | VALUE |
|---|---|
| Autos _____ | $_____ |
| (Make/model/year)_____ | |
| Stocks _____ | $_____ |
| _____ | $_____ |
| Bonds _____ | $_____ |
| Notes _____ | $_____ |

6

Real Estate (market value)_____ $_____

    Less $_____ (mortgage)

Other  _____  $_____

7.    Have you on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

                ☐ Yes            ☒ No

If "Yes," list the dismissals:

| Date Dismissed | Case Name | Case No. |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

# DECLARATION UNDER PENALTY OF PERJURY

        I declare under penalty of perjury that I have submitted above a complete statement of all the assets I possess and that all of the information is true and correct.

        I understand that my signature below authorizes the institution of incarceration to forward from my account to the Clerk of the Court any initial partial filing fee assessed by the Court in the amount of 20 percent of the greater of the average monthly deposits to my prison account or the average monthly balance in my prison account for the six-month period immediately preceding the filing of the complaint. Thereafter, I authorize the institution of incarceration to forward monthly payments of 20 percent of my preceding month's income credited to my prison account until I have paid the full amount of the filing fee.

_Nov. 22. 05_____
DATE

_____
SIGNATURE OF APPLICANT

Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of your prison trust fund account statement from the institution(s) of your incarceration showing at least the past six months' transactions.

## CERTIFICATE

**(To be completed by the institution of incarceration)**

I certify that the applicant named herein has the sum of $ _5.53_ on account

to his/her credit at (name of institution) _Chillicothe Correctional Inst._ . I further

certify that during the past six months the applicant's average monthly balance was $ _37.67_

and the applicant's average monthly deposits were $ _113.00_ . I have attached a certified copy

of the applicant's prison trust fund account statement showing at least the past six months' transactions.

I further certify that the applicant does/does not have a secondary savings account(s),

such as a certificate of deposit or a savings bond. The secondary account(s) balance is $ _Ø_ .


_11-29-2005_                    _Ima E. Magee Cashier_
DATE                           SIGNATURE OF AUTHORIZED OFFICER

8

# Ohio Department of Rehabilitation and Correction

## SECTION I - To be completed by cashier prior to this form being presented
### to the inmate for completion of SECTION II - Affidavit of Indigency.

I, TINA E. MAGILL _____, cashier at the CHILLICOTHE CORRECTIONAL INSTITUTION

certify that the following is a true and accurate reflection of the status of the account maintained at this institution for the benefit of:

| Inmate Name: | Inmate Number: |
|---|---|
| DERRICK REEVES AKA REAVES | A-349081 |

*The Prison Litigation Reform Act (PLRA) requires that the time period to be considered is the preceeding six months. It also requires that, "...if financial activity is less than six months due to less than six months of incarceration, then note this fact on the statement. If lack of history is due to recent transfer, then obtain missing month-end reports from sending cashier to complete the six month period. The sending cashier must similarly certify the monthend reports."*

The time period being reported below is: ☒ Six months    ☐ Fewer than six months, beginning _____

The time period is fewer than six months, because: ☐ Period of Incarceration    ☐ Transfer

Account Balance as of 11/29/2005 _____ :    $ _____ 5.53

Total state pay credited for the report period; _____    $ _____ 108.00

Average monthly state pay for the report period; _____    $ _____ 18.00

Total funds received from all sources, excluding state pay, for the report period _____    $ _____ 570.00

Total amount spent in inmate's commissary during the same period _____    $ _____ 664.98

| Signature of Cashier: *Tina E. Magel, Cashier* | Date: 11-29-2005 |
|---|---|

# AFFIDAVIT OF INDIGENCY

### SECTION II - To be completed by inmate after cashier's statement is completed.

I, DERRICK REEVES AKA REAVES _____, being first duly sworn, says that he/she does not have sufficient funds to pay the filing fee and other costs of prosecuting this complaint against the State of Ohio, Department of Rehabilitation and Correction, in the Court of Claims of Ohio and submits the cashier's statement (Section I) in support of said allegation of indigency.

I hereby represent that the Information set forth in the cashier's statement concerning my financial condition is true and complete to the best of my knowledge and belief.

| Signature of Inmate: | Inmate Number: |
|---|---|
| | |

Sworn to and subscribed to me in my presence this _____ day of _____, 2 _____ .

| Notary Public: |
|---|
| |

DRC 2257 E (10/02)                                                    ACA 4262, 4324

NOV 29, 2005   CHILLICOTHE CORRECTIONAL INSTITUTION   PAGE   1

05/01/2005 THRU 01/01/9999 INMATE DEMAND STATEMENT

INMATE NUMBER: A349081                           LOCK LOC: 05DEC F2

INMATE NAME:   REEVES DERRICK                    SHOP CYCLE: F2
        AKA:

STATUS:        A                                 FROM LOC:   LECI
MISC A:        0                                 FROM DATE: 04/29/2003
MISC B:                                          D.O.B.:
NOTE:          FAMILY SPELLS REAVES VL
HOLD TOTAL:         .00                          TO LOC:
E.P.C. BALANCE:     .00                          TO DATE:

--------------------------------------------------------------------
| TRAN<br>DATE | TRAN<br>AMOUNT | TC | SF | OPR | T/C DESC | MISC DESC | ACCOUNT<br>BALANCE |
|---|---|---|---|---|---|---|---|
| BALFWD | | | | | | | .00 |
| 05/04/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 27.17 |
| 05/09/05 | 9.10- | 01 | 00 | CLO | COMMISSARY | 057751 | 18.07 |
| 05/11/05 | 40.00 | 31 | 00 | TJO | RECEIPTS-M | VIOLA REAVES | 58.07 |
| 05/23/05 | 49.46- | 01 | 00 | CLO | COMMISSARY | 060378 | 8.61 |
| 05/26/05 | 80.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 88.61 |
| 05/26/05 | 6.00- | 09 | 00 | CLO | TREASURY F | COPIES CK#67446 | 82.61 |
| 05/31/05 | 70.89- | 01 | 00 | CLO | COMMISSARY | 061940 | 11.72 |
| 06/06/05 | 5.86- | 01 | 00 | CLO | COMMISSARY | 063131 | 5.86 |
| 06/07/05 | 18.00 | 30 | 00 | TJO | EARNINGS | | 23.86 |
| 06/13/05 | 5.86- | 01 | 00 | CLO | COMMISSARY | 064196 | 18.00 |
| 06/13/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 68.00 |
| 06/22/05 | 2.60- | 09 | 00 | CLO | TREASURY F | COPIES CK#67733 | 65.40 |
| 06/27/05 | 62.03- | 01 | 00 | CLO | COMMISSARY | 066778 | 3.37 |
| 06/30/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 53.37 |
| 07/01/05 | 31.37- | 01 | 00 | CLO | COMMISSARY | 068234 | 22.00 |
| 07/01/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 40.00 |
| 07/11/05 | 21.96- | 01 | 00 | CLO | COMMISSARY | 000971 | 18.04 |
| 07/14/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 68.04 |
| 07/25/05 | 65.78- | 01 | 00 | CLO | COMMISSARY | 003682 | 2.26 |
| 07/27/05 | 20.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 22.26 |
| 07/29/05 | 21.31- | 01 | 00 | CLO | COMMISSARY | 005158 | .95 |
| 08/02/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 18.95 |
| 08/15/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 68.95 |
| 08/22/05 | 61.18- | 01 | 00 | CLO | COMMISSARY | 009163 | 7.77 |
| 08/29/05 | 7.29- | 01 | 00 | CLO | COMMISSARY | 010709 | .48 |
| 09/02/05 | 100.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 100.48 |
| 09/06/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 118.48 |
| 09/12/05 | 96.84- | 01 | 00 | CLO | COMMISSARY | 012804 | 21.64 |
| 09/14/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 71.64 |
| 09/26/05 | 54.01- | 01 | 00 | CLO | COMMISSARY | 015471 | 17.63 |

FILED
JAMES BONINI
CLERK
05 DEC 16 PM 3: 10
SOUTHERN DISTRICT OHIO
WEST DIV CINCINNATI

CASE #1:02-CV-100-HJW

NOV 29, 2005          CHILLICOTHE CORRECTIONAL INSTITUTION          PAGE    2

05/01/2005 THRU 01/01/9999 INMATE  DEMAND  STATEMENT

INMATE NUMBER: A349081                          LOCK LOCA: F2

INMATE NAME:   REEVES DERRICK                   SHOP CYCLE: F2
     AKA:

STATUS:      A                                  FROM LOC:  LECI
MISC A:      0                                  FROM DATE: 04/29/2003
MISC B:                                         D.O.B.:
NOTE:        FAMILY SPELLS REAVES VL
HOLD TOTAL:         .00                         TO LOC:
E.P.C. BALANCE:     .00                         TO DATE:

| TRAN DATE | TRAN AMOUNT | TC | SF | OPR | T/C DESC | MISC DESC | ACCOUNT BALANCE |
|---|---|---|---|---|---|---|---|
| 09/28/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 67.63 |
| 09/30/05 | 52.15- | 01 | 00 | CLO | COMMISSARY | 016953 | 15.48 |
| 10/04/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 33.48 |
| 10/07/05 | 10.00- | 04 | 02 | CLO | CLUB DUES | J/C PHOTOS CK#68791 | 23.48 |
| 10/11/05 | 14.85- | 01 | 00 | CLO | COMMISSARY | 018140 | 8.63 |
| 10/18/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 58.63 |
| 10/24/05 | 54.43- | 01 | 00 | CLO | COMMISSARY | 020733 | 4.20 |
| 10/28/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 54.20 |
| 10/31/05 | 4.20- | 01 | 00 | CLO | COMMISSARY | 022259 | 50.00 |
| 11/01/05 | .75- | 09 | 00 | CLO | TREASURY F | COPIES   CK#69015 | 49.25 |
| 11/02/05 | 18.00 | 30 | 00 | CLO | EARNINGS | | 67.25 |
| 11/07/05 | 48.33- | 01 | 00 | CLO | COMMISSARY | 023441 | 18.92 |
| 11/17/05 | 50.00 | 31 | 00 | CLO | RECEIPTS-M | VIOLA REAVES | 68.92 |
| 11/21/05 | 63.39- | 01 | 00 | CLO | COMMISSARY | 026140 | 5.53 |
| CURR.BAL | | | | | | | 5.53 |

                                        AVERAGE BALANCE          37.67

I CERTIFY THAT THIS DOCUMENT IS A TRUE AND ACCURATE ACCOUNT OF THE INMATE'S
FINANCIAL RECORD ON FILE IN MY OFFICE.
AVERAGE MONTHLY BALANCE      $ 37.67
AVERAGE MONTHLY DEPOSITS     $ 113.00

                             _Ima E Mazie-Cashier_
CASHIER - CHILLICOTHE CORRECTIONAL INST.

                             _11-29-05_
DATE

113.00  x 20% = $ 22.60