NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-3189

**FILED**

MAR 0 8 2007

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DERRICK REAVES, | ) |
| Petitioner-Appellant, | ) 1:02cv100 |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| JAMES L. ERWIN, Warden, | ) |
| Respondent-Appellee. | ) |

O R D E R

Before: KENNEDY, MARTIN, and SUTTON, Circuit Judges.

Derrick Reaves, an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

After a jury trial, Reaves was convicted of murder. The trial court sentenced him to 15 years to life in prison. He unsuccessfully sought relief via direct appeal, then filed a motion for leave to file a delayed motion to reopen his appeal pursuant to Ohio R. App. P. 26(B), which the state court of appeals denied as untimely. He appealed to the Ohio Supreme Court, which dismissed the appeal as not involving any substantial constitutional question. Reaves filed a federal habeas corpus petition alleging four grounds for relief. In Grounds One and Two, he alleged that his trial attorney provided ineffective assistance in violation of the Sixth Amendment when he failed to request jury instructions on the lesser-included offense of voluntary manslaughter and "failed to recognize, argue and brief the fact that Petitioner's conviction for Murder violates the double inference rule and Due Process of Law." (Pet. at 5). In Ground Three, Reaves alleged that his appellate counsel provided

ineffective assistance in violation of the Sixth Amendment by failing to raise the ineffective assistance of trial counsel claims alleged in Grounds One and Two as assignments of error on direct appeal. In Ground Four, Reaves alleged that the Ohio Court of Appeals violated his "absolute right to procedural due process of law" when it overruled his motion for delayed reopening of his direct appeal under Ohio R. App. P. 26(B), despite his showing of "cause" for his procedural default in failing to file the reopening motion in a timely manner. (Pet. at 6).

The district court initially dismissed Grounds One through Three with prejudice by granting the respondent's motion to dismiss those claims on the ground that they were barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). However, by the time Reaves's remaining claim for relief alleged in Ground Four became ripe for ruling, this court issued an en banc decision in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), which overruled prior Sixth Circuit precedents that had been relied on by the district court in finding Grounds One through Three to be time-barred.

On April 8, 2004, a magistrate judge recommended that Ground Four be dismissed with prejudice based on this court's decision in *Lopez v. Wilson*, 355 F.3d 931, 937 (6th Cir. 2004), *cert. denied*, 126 S. Ct. 1880 (2006). In the report and recommendation, the magistrate judge also recommended that the order dismissing Grounds One through Three as time-barred be vacated in light of this court's en banc decision in *Abela*, which provided support for finding that the statute of limitations was equitably tolled during the pendency of Reaves's first timely-filed habeas corpus petition. The district court adopted the report and recommendation on March 24, 2005.

On April 1, 2005, the district court ordered the respondent to file a supplemental return of writ addressing Reaves's remaining claims alleged in Grounds One through Three of the petition. In his response, the respondent argued that Reaves procedurally defaulted these claims in the state courts. Alternatively, the respondent argued that these claims were meritless.

The magistrate judge determined that Reaves procedurally defaulted Grounds One through Three and recommended that these claims be denied as barred from habeas corpus review under the procedural default doctrine. It was recommended that Ground Four be denied as meritless. Over

Reaves's objections, the district court adopted the magistrate judge's report and recommendation and denied the petition. The district court certified all grounds raised in the habeas petition for appeal.

We review de novo a district court judgment dismissing a petition for a writ of habeas corpus. *Carter v. Sowders*, 5 F.3d 975, 978 (6th Cir. 1993). A district court should not grant a habeas petition on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). A state-court decision on the merits is contrary to clearly established Supreme Court precedent only if the reasoning or the result of the decision contradicts that precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). To violate the unreasonable-application clause, meanwhile, the state-court application of that precedent must have been "objectively unreasonable," not simply erroneous or incorrect. *Williams v. Taylor*, 529 U.S. 362, 409-11 (2000).

Upon review, we conclude that the district court properly held that Reaves's ineffective assistance of counsel claims alleged in Grounds One through Three are procedurally barred. Normally, federal courts are barred from hearing claims that were procedurally defaulted in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). When analyzing whether a default occurred, federal courts in this circuit ask: 1) whether there is a state procedural rule applicable to the claim and whether the petitioner failed to follow this rule, 2) whether the state courts actually enforced the rule, and 3) whether that rule is an adequate and independent state ground to foreclose federal relief. *White v. Schotten*, 201 F.3d 743, 749 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc), *cert. denied*, 126 S. Ct. 1880 (2006). But even if all three questions are answered in the affirmative, the default is excused if the petitioner demonstrates (a) cause for the default and prejudice flowing therefrom or (b) that failure to consider the claim will result in a fundamental miscarriage of justice. *See id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

*White*'s requirements for deferring to a state procedural bar are satisfied. Reaves failed to raise his ineffective assistance of trial counsel claims as independent assignments of error on appeal in the state courts. Reaves first presented these claims to the state courts in a motion for delayed reopening of his direct appeal pursuant to Ohio R. App. P. 26(B). The state court of appeals denied the application as untimely, and the Ohio Supreme Court dismissed the appeal. That last judgment was unexplained and, therefore, does not effect the analysis. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The court-of-appeals decision — the last reasoned judgment — explicitly invoked a state procedural bar, Rule 26(B). This obviously applies to a Rule 26(B) application, and Reaves did fail to follow the rule since he filed his motion almost two and one-half years late. Hence, *White*'s first two requirements are satisfied. The rule is also an adequate and independent state ground to foreclose federal relief. *See Monzo v. Edwards,* 281 F.3d 568, 577-78 (6th Cir. 2002). Accordingly, *White*'s third requirements is satisfied.

Reaves tries to argue cause and prejudice, but unsuccessfully. Reaves claims that his appellate counsel's ineffectiveness constitutes "cause" for his procedural default in failing to raise the ineffective assistance of trial counsel claims on direct appeal. Attorney error amounting to ineffective assistance of counsel does constitute cause within the cause and prejudice doctrine. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). The exhaustion doctrine generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Id.* at 488-89; *Carpenter v. Mohr*, 163 F.3d 938, 945 (6th Cir. 1998).

Regarding Reaves's ineffective assistance of appellate counsel claim, Reaves presented the argument in his motion for delayed reopening pursuant to Ohio R. App. P. 26(B). The Ohio Court of Appeals denied the application as untimely and the Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question. As such, Reaves's argument was deemed barred from review by the state courts of Ohio. *See Monzo*, 281 F.3d at 577-78. Therefore, his argument cannot provide a cause for his procedural default. The failure to establish cause eliminates the need to consider prejudice. *See Murray*, 477 U.S. at 494.

A prisoner who is unable to show cause and prejudice may still obtain habeas corpus review where new evidence shows that a constitutional violation has resulted in the conviction of one who is actually innocent or where review is otherwise necessary to prevent a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. To establish actual innocence, a petitioner must show it more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See Schlup v. Delo*, 513 U.S. 298, 327-29 (1995). Reaves did not submit any evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96.

Reaves's fourth claim regarding the denial of his delayed motion to reopen does not concern his conviction and sentence, but rather, it concerns a state post-conviction proceeding. *See Lopez*, 426 F.3d at 352 (holding that, under Ohio law, a motion to reopen "is a collateral matter rather than part of direct review"). Because claims regarding a collateral proceeding are not cognizable on federal habeas review, Reaves's claim alleged in Ground Four lacks merit. *See Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

Finally, since the procedural default issue is dispositive of this case, it is not necessary to address the statute of limitations argument presented by the respondent.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk